IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT DONAHUE BYERS,

    Petitioner,

v.                                                      CASE NO. 5:12-cv-00090-MP-CJK

STATE OF FLORIDA, et al.,

    Respondents.

_____/

**O R D E R**

       This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated September 5, 2014. (Doc. 31).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The time for filing objections has passed, and none have been filed.

       Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted with one caveat discussed below.  The Court agrees that petitioner has procedurally defaulted all claims relating to his 2001 conviction because he failed to raise them in a timely manner before the state courts.  Second, the Court agrees with the Magistrate Judge that the record supports the decision of the state 3.850 judge in rejecting his claims that he was incompetent at the time of his violation of probation proceedings.  Third, the Court agrees that the record supports the state judge's conclusion that petitioner's coherent, rational and responsive conduct at the violation of probation hearing demonstrated that counsel was not ineffective for failing to question his client's competence.

       With regard to petitioner's third argument, however, the Court adds the following to the Report and Recommendation's analysis.  In this ground, petitioner restates some of the points

raised in his other grounds (relating to his competency at the time of his violation probation hearing), but also raised the following additional issue in his state 3.850 motion: "a violation of probation by an incompetent defendant is neither willful nor substantial" (Ex. H, p. 136). He also claims in the instant habeas petition that he "Involuntarily Violated Probation Because I Was Incompetent." Doc. 1, ¶ 14.C.  In other words, in addition to his argument that he was incompetent at the time of his violation of probation hearing, he also claims he was incompetent at the time of the actual incidents that were the basis of the violation of probation.  The Report and Recommendation mentions the respondent's argument on this last issue, but does not explicitly render a recommendation on it.

Upon consideration, the Court concludes that petitioner is not entitled to relief on this claim.  Petitioner fails to back up his bald assertion with any specifics, and never raised the issue in his violation of probation hearing, despite being given ample opportunity to speak and be heard at the hearing.  Exh. E, pp. 246-84.  Therefore, the claim was not fairly presented to the state courts and lacks a factual basis here.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order with the additional analysis set out above.

2. Doc. 1, Petition for Writ of Habeas Corpus, challenging the judgment of conviction and sentence in State of Florida v. Robert D. Byers, Washington County, Florida, Circuit Court Case Numbers 00-CF-103 and 00-CF-149, is DENIED, and the Clerk is directed to close the file.

3. A certificate of appealability is DENIED.

**DONE AND ORDERED** this   _11th_ day of February, 2015

                              _s/Maurice M. Paul_
                              Maurice M. Paul, Senior District Judge